1643

Rev. J.R.A. NELUMS, Respondent v. Jo COUSINS, Appellant.

(403 S.E. (2d) 681)

Court of Appeals

*John K. Koon,* Columbia, *for appellant.*

*Samuel M. Price, Jr.,* Newberry, *for respondent.*

Heard March 18, 1991.

Decided April 22, 1991.

*Per Curiam:*

The Reverend J.R.A. Nelums sued Jo Cousins after Cousins constructed a gate on her property that prevented Nelums from traveling to his property along a road that he and his family have been using since his father purchased the property in 1908. This road proceeds through Cousins' property. The dispositive issue is whether any evidence supports the trial court's finding that Nelums had obtained a prescriptive easement across Cousins' property. We affirm.

1. We need not consider any of Cousins' eleven exceptions since none of them challenges the trial court's ruling on the dispositive issue in this case. *See Dwyer v. Tom Jenkins Realty, Inc.,* 289 S.C. 118, 344 S.E. (2d) 886 (Ct. App. 1986) (a judgment will not be disturbed where unchallenged findings are sufficient to support the judgment).

The only exception that even mentions prescriptive easement alleges the trial court erred by "failing to clarify and specify whether this right of way was an easement by necessity or a prescriptive easement." This exception is clearly incorrect since the trial court's order specifically states "the case at bar relates to a prescriptive easement." Moreover, it is not preserved for appellate review since the trial court was never afforded the opportunity to rule on the clarity of its order because Cousins made no motion, as she was required to do, pursuant to Rule 59(e) of the South Carolina Rules of Civil Procedure. *See Talley v. South Carolina Higher Education Tuition Grants Committee,* 289 S.C. 483, 347 S.E. (2d) 99 (1986) (an issue not ruled on by the

trial judge is not preserved unless the complaining party moves before the trial court to amend the judgment pursuant to Rule 59(e), SCRCP).

2. Even if the dispositive issue was properly before us, the judgment must be affirmed.

The determination of the existence of an easement is a question of fact in a law action and the trial court's findings must be affirmed unless there is no evidence to support them. *Jowers v. Hornsby*, 292 S.C. 549, 357 S.E. (2d) 710 (1987); *Boyd v. Hyatt*, 294 S.C. 360, 364 S.E. (2d) 478 (Ct. App. 1988). To establish a private right of way by prescription over Cousins' property, Nelums was required to show his use and enjoyment was adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge or acquiescence of Cousins or of her predecessors in title. *Shia v. Pendergrass*, 222 S.C. 342, 72 S.E. (2d) 699 (1952).

In Cousins' brief, she challenges only the exclusive nature of Nelums' claim and argues that since others have used this road through her property, Nelums' use was not exclusive. We disagree. Nelums' claim of right, to get to his property, was asserted independently of any use by other individuals. *See Petus v. Keeling*, 232 Va. 483, 352 S.E. (2d) 321 (1987) (the court affirmed the finding of a prescriptive easement even though evidence was presented that other property owners in the area used the road, individuals who hunted and fished in the area used the road, and general members of the public used the road to travel to schools and cemeteries, because the plaintiff's right, to get to his property, was asserted independently of other users).

Affirmed.