2468

Jane W. REVIS, Respondent v. Thomas C. BARRETT
and Eunice E. Barrett, Appellants.
(467 S.E. (2d) 460)

Court of Appeals

*W. Grady Jordan*, of *Olson, Smith, Jordan & Cox*, Easley, *for appellants.*

*Kenneth D. Acker*, of *The Acker Firm*, Pickens, *for respondent.*

Submitted Dec. 5, 1995.

Decided Feb. 20, 1996.

CONNOR, Judge:

Jane W. Revis filed this action requesting a restraining order and injunction prohibiting Thomas C. Barrett and Eunice E. Barrett from interfering with her use of a road which runs between the parties' property. In a nonjury trial, the trial judge: (1) found that a prescriptive easement existed for both parties; (2) identified the extent of the easement; and (3) established the conditions for the maintenance of the easement. He also enjoined and restrained the parties from harassing, annoying, or interfering with each other in the use of the easement. The Barretts appeal the court's ruling. We affirm.

In 1953, Revis' parents, the Waldrops, purchased property which fronted South Carolina Highway 183. In 1955 or 1956, this highway was relocated a short distance north of its original location. Revis' parents continued to use the old roadway, which was paved, to get to their property.

In 1973, Thomas C. Barrett and Eunice E. Barrett purchased property which adjoined the Waldrop's property and fronted on old South Carolina Highway 183. The common property line is the center of old SC Highway 183. Eloise Waldrop, Revis' mother, continued to use the road, as she had in the past.

In 1987 Waldrop filed suit against Thomas C. Barrett, alleging he had placed an obstruction in the road. She sought not only to have the obstacle removed, but also to have her right to use the roadway recognized. Waldrop's attorney agreed to dismiss the action after he received a letter from Barrett's attorney stating:

> I am authorized to write this letter on behalf of Thomas C. Barrett. You have a suit pending against him asking that an obstacle, apparently a cement block, be removed from a common roadway, and that your client's right to use the roadway is recognized.
>
> Mr. Barrett states that he did not put the block there, and certainly has no objection to it being removed. He recognizes the right of your client to use the road without obstacles, and any other foreign objects find themselves in the way of the road, I know of no reason why your client should not simply set them to the side of the road. Mr. Barrett has no intention of obstructing the roadway *which he recognizes to be a joint and common right of way.* (Emphasis added.)

Waldrop died in January 1989. She devised her property to Revis and Revis' sister. They agreed to a division of the property in which Revis received 3.46 acres of land on the old roadway adjoining the Barretts' property. In August 1989, Revis put a trailer on her property, and, since then, she has used the Barretts' side of the old roadway for access. Her side of the road is overgrown and has not been maintained.

In April 1994, Revis filed this action against the Barretts, alleging they had attempted to prevent her and her guests from using the road. She sought to enjoin the Barretts from interfering with the use of the road. The Barretts denied the existence of an easement or right of way and sought to have Revis restrained from entering their property without permission.

The determination of the existence of an easement is a question of fact in a law action. *Jowers v. Hornsby*, 292 S.C. 549, 357 S.E. (2d) 710 (1987). In an appeal from an action at law tried by a judge, the judge's factual findings will not be disturbed unless found to be without evidence which reasonably supports them. *Townes Assocs., Ltd. v. City of Greenville*, 266 S.C. 81, 221 S.E. (2d) 773 (1976).

## I.

The Barretts assert the trial judge erred in finding that an easement or right-of-way by prescription existed in favor of Revis. We find no error.

To establish a private right of way by prescription, one must show (1) continued use for 20 years; (2) the identity of the thing enjoyed; and (3) use which is either adverse or under a claim of right. *Horry County v. Laychur,* 315 S.C. 364, 434 S.E. (2d) 259 (1993); *Babb v. Harrison,* 220 S.C. 20, 66 S.E. (2d) 457 (1951).[1]

The Barretts challenge the court's finding, arguing Revis' claim was based on permissive use of the property and, therefore, was not adverse. In support of their position they cite Thomas Barrett's testimony at trial that he gave Waldrop permission to use his portion of the old roadway. He also stated that in 1989 he gave Revis and her husband permission to travel on his side of the road until he needed the property or until they built their own road.

However, Revis testified she thought she had a right to use the property for a number of reasons. First, she believed she had a right to use the Barretts' half of the road because it was formerly a state road. Also, she knew her parents had used the old roadway to access their property since the old highway had been relocated in 1956. She was also aware of, and participated in, her mother's lawsuit against Barrett. She actually accompanied her mother to her mother's attorney's office to discuss Barrett's letter in which he recognized the old road to be a "joint and common right of way," and participated in the decision to dismiss the lawsuit in reliance on that admission. Moreover, Revis had been using the road to access her property since she moved onto it in 1989. In fact, until Barrett began interfering with her use of the road in 1994, Revis continued to use the old roadway to access her property.

---

[1] We recognize there are several cases that appear to require, in addition to the other elements, use that is both adverse and under a claim of right. *See, e.g., County of Darlington v. Perkins,* 269 S.C. 572, 239 S.E. (2d) 69 (1977); *Shia v. Pendergrass,* 222 S.C. 342, 72 S.E. (2d) 699 (1952); *Nelums v. Cousins,* 304 S.C. 306, 403 S.E. (2d) 681 (Ct. App. 1991). However, these cases ultimately relied upon, yet misquoted, *Babb v. Harrison* as authority for this proposition. *Babb* requires use that is either adverse *or* under a claim of right. Accordingly, in light of the later Supreme Court case of *Horry County v. Laychur,* — S.C. —, 434 S.E. (2d) 259 (1993), we believe *Babb v. Harrison* remains a correct statement of the law.

Clearly, Revis was under the impression that she had a continuing right to use the road, originating with her parents' use of the roadway. There was certainly ample evidence to support the master's finding Revis' belief about her right to use the road flowed from a "claim of right," not from Barrett's express grant of permission.[2]

## II.

The Barretts next assert the trial judge erred in ordering that a right-of-way by necessity exists.

The body of the judge's order states, "I cannot determine from the record that this is an easement by necessity. Quite simply, all of the elements are not present." Furthermore, on the next page of the order, the trial judge "determined that a prescriptive easement [had] been established for both parties. . . ." However, the end of the order provides:

> That the Plaintiff and Defendants have a right-of-way by necessity over and across the old roadbed leading from SC Highway 183 to the eastern most property line of the Plaintiff[.]

This issue is not preserved for appellate review. The Barretts never filed a Motion to Alter or Amend the Judgement to clarify the order, Rule 59, SCRCP, nor did they seek clarification pursuant to Rule 60(a), SCRCP. We cannot address an issue unless it was raised to and ruled upon by the trial court. *Smith v. Phillips*, 318 S.C. 453, 458 S.E. (2d) 427 (1995); *Nelums v. Cousins*, 304 S.C. 306, 403 S.E. (2d) 681 (Ct. App. 1991) (trial court's alleged failure to clarify and specify whether right of way was easement by necessity or prescriptive easement was not preserved, where owner of servient estate made no motion to amend judgement). The trial judge was never allowed to clarify this discrepancy. Therefore we are prohibited from addressing it on appeal.[3]

Accordingly, the order of the trial judge is

Affirmed.

---

[2] We do not address the two other requirements of a prescriptive easement because Barrett does not challenge the judge's finding concerning them.

[3] In any event, it seems clear the reference to a right of way by necessity in the order's mandate was simply a scrivener's error.

SHAW and HEARN, JJ., concur.