THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jennifer W. Richburg and Brock Richburg,       
Respondents/Appellants,
 
 
 

v.

 
 
 
H.L. Thomas d/b/a Thomas Concrete,       
Appellant/Respondent.
 
 
 

Appeal From Clarendon County
Thomas W. Cooper, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-445
Submitted May 12, 2003  Filed June 
 26, 2003   

AFFIRMED

 
 
 
M.M. Weinberg, Jr. and M.M. Weinberg, III, both 
 of Sumter; for Appellant-Respondent.
Kristi F. Curtis, of Sumter; 
 for Respondent-Appellant.
 
 
 

PER CURIAM:  In this cross appeal, Thomas 
 Concrete appeals the trial courts grant of summary judgment to Brock and Jennifer 
 Richburg on their cause of action for the removal of a septic tank that encroaches 
 upon their property.  The Richburgs appeal the trial courts denial of their 
 motion for summary judgment as to Thomas Concretes counterclaim for damages 
 to its building after the Richburgs allegedly graded their property in a manner 
 that caused surface water to run onto Thomas Concretes land in increased quantities.  
 We find no error.
FACTS/PROCEDURAL HISTORY
The Richburgs and Thomas Concrete own 
 adjacent parcels of land.  Thomas Concrete purchased its land in 1990 from C.B. 
 Askins Corporation.  Askins purchased the land in 1974 and installed a septic 
 tank the same year.  The septic tank has been in its current location since 
 that date.
The Richburgs purchased their parcel in 1998, and 
 shortly thereafter, they rented a backhoe to clear the land.  H.L. Thomas, owner 
 of Thomas Concrete, informed the Richburgs of the location of the septic tank 
 so it would not be damaged by the backhoe.  When the Richburgs had their property 
 surveyed, it was discovered that the septic tank and its appurtenant drainage 
 field were located entirely on their property.  After determining there were 
 no easements or references made to the septic tank in the platting or chain 
 of title, the Richburgs sued Thomas Concrete to have the septic tank removed 
 from their property. 
Thomas Concrete answered, asserting it had acquired 
 ownership of the land over the septic tank and its drainage field by adverse 
 possession.  Thomas Concrete also filed a counterclaim against the Richburgs 
 seeking recovery for damages caused to its building by surface water flowing 
 from the Richburgs property.  The Richburgs moved for summary judgment as to 
 both their claim and Thomas Concretes counterclaim.  The trial court granted 
 the Richburgs summary judgment motion on their claim, ruling Thomas Concrete 
 failed to establish that it acquired the land through adverse possession.  Specifically, 
 the trial court found Thomas Concrete failed to establish possession that was 
 open, notorious, exclusive, or hostile.   However, the trial court denied the 
 Richburgs motion for summary judgment as to Thomas Concretes counterclaim 
 for damages from the surface water runoff, finding genuine issues of material 
 fact existed as to whether the runoff created a nuisance.  Both parties appeal.
STANDARD OF REVIEW
Summary judgment is appropriate when there is no 
 genuine issue of material fact and the moving party is entitled to judgment 
 as a matter of law.  Conner v. City of Forest Acres, 348 S.C. 454, 462, 
 560 S.E.2d 606, 610 (2002).  When determining whether triable issues of fact 
 exist, all evidence and reasonable inferences drawn therefrom are viewed in 
 the light most favorable to the nonmoving party.  Osborne v. Adams, 346 
 S.C. 4, 7, 550 S.E.2d 319, 321 (2001).  An appellate court uses the same standard 
 applied by the trial court when reviewing the grant of summary judgment.  Id. 
 If the facts and the inferences indicate genuine issues of material fact exist, 
 those issues must be presented to the jury.  Worsley Cos. v. Town of Mt. 
 Pleasant, 339 S.C. 51, 55, 528 S.E.2d 657, 660 (2000).
LAW/ANALYSIS
I.  Grant of Summary Judgment 
 on the Encroachment Claim
Thomas Concrete alleges the trial court erred when 
 it granted the Richburgs motion for summary judgment on their claim to remove 
 the septic tank, arguing a genuine issue of material fact existed as to whether 
 it owned the property above and appurtenant to the septic tank through adverse 
 possession.  We disagree.
The party claiming title to property through adverse 
 possession must establish by clear and convincing evidence possession that is 
 actual, open, notorious, hostile, continuous, and exclusive for the full statutory 
 period.  Clark v. Hargrave, 323 S.C. 84, 87, 473 S.E.2d 474, 477 (Ct. 
 App. 1996).  The statutory period in South Carolina is ten years.  S.C. Code 
 Ann. § 15-67-210 (1976).  Adverse possession was asserted as an affirmative 
 defense in this action, and the burden of proof was therefore upon Thomas Concrete.  
 Clark, 323 S.C. at 88, 473 S.E.2d at 477. 
First, we address whether Thomas Concrete meets 
 the ten-year statutory period.  The Richburgs commenced this action in 1998, 
 only eight years after Thomas Concrete purchased its property.  Because Thomas 
 Concrete is not an heir of the prior owner, it cannot tack Askinss period of 
 ownership to fulfill the ten-year statutory period. Getsinger v. Midlands 
 Orthopaedic Profit Sharing Plan, 327 S.C. 424, 429-30, 489 S.E.2d 223, 225 
 (Ct. App. 1997) (stating that tacking under the ten-year statute is only allowed 
 between an ancestor and an heir).  On the other hand, Thomas Concrete has satisfied 
 the twenty-year time period required for presumption of a grant by tacking its 
 time of ownership with that of Askins.  Id., 327 S.C. at 430, 489 S.E.2d 
 at 225-26 (stating that South Carolina common law recognizes a twenty-year presumption 
 of a grant, pursuant to which tacking is allowed between ancestors and heirs 
 as well as between parties in privity).  The elements of adverse possession 
 must also exist for the twenty-year time period when claiming under presumption 
 of a grant. Id.  Accordingly, we must analyze whether a genuine issue 
 of material fact existed regarding the required elements of adverse possession.
A claimants ownership is open and notorious when 
 the true owner has actual notice of the adverse use throughout the statutory 
 period or when the claimant uses the property in such a manner that any reasonable 
 person would believe the claimant is the owner. See Graniteville Co. 
 v. Williams, 209 S.C. 112, 120-21, 39 S.E.2d 202, 206 (1946) (stating actual 
 knowledge of the adverse claim is not necessary where the possession is so open, 
 visible, and notorious that the true owner should have knowledge of the adverse 
 character of the claim).  In support of Thomas Concretes claim that its possession 
 was open and notorious, Mr. Thomas testified that the soil above the septic 
 tank is red clay while the remainder of the Richburgs property has no red clay.  
 He specifically stated: Just take a shovel, youd know [the clay] was hauled 
 in.   
Importantly, however, Mr. Thomas admitted there was 
 grass growing over the septic tank.  Accordingly, one would have to dig beneath 
 the surface to discover the red clay.  Mr. Thomas also admitted that the area 
 around the septic tank had never been fenced and its location had never been 
 identified with signs or markers.  In fact, Mr. Thomas stated that no signs 
 or fences were put in place because he didnt know exactly where [the septic 
 tank] was at. When asked if the septic tank had ever been excavated or if any 
 work had ever been performed on it, Mr. Thomas replied, No.  We dont use it 
 very much.  Finally, Mr. Thomas stated that a person could not tell from looking 
 at the land where the septic tank was located.   
 Because the septic tank is underground, we find it 
 difficult to conceive how the Richburgs should have reasonably known that Thomas 
 Concrete adversely claimed ownership of the land within which the tank was buried.  
 There is no evidence indicating that Thomas Concrete exercised dominion over 
 the land above the septic tank so as to place the Richburgs on notice of its 
 claim of possession.  See  Gilinsky v. Sether, 66 P.3d 584, 590 
 (Or. App. 2003)  (finding adverse possession was established and noting: [W]e 
 question whether an underground septic system by itself constitutes an open 
 and notorious use of disputed parcel of property. Nonetheless, the area above 
 the septic system was used for parking [by the claimant] . . . .).  (emphasis 
 added). See also Clark, 323 S.C. at 90, 473 S.E.2d at 478 (finding 
 that claimant established open and notorious possession by posting no trespassing 
 and no hunting signs and controlled access to the property by locked gate). 
 Without a fence, a sign, or other visible demarcation, and because Thomas Concrete 
 did not use the land above the tank in a manner that should have placed a reasonable 
 person on notice that it claimed ownership, we find the trial court properly 
 ruled as a matter of law that Thomas Concrete did not establish open and notorious 
 possession of the disputed land.
We also find Thomas Concrete failed to establish the 
 requirement of exclusive possession of the disputed property. Thomas Concrete 
 asserts it and Askins were the only ones to have used the property where the 
 septic tank was located since 1974.  Exclusive possession means that adverse 
 possession must be such as to indicate ones exclusive ownership of the property, 
 and not only must the possession be without subservience to or recognition of 
 the title of the true owner but it must also be hostile as to the whole world.  
 Curtis v. DesChamps, 290 S.C. 315, 324-25, 350 S.E.2d 201, 207 (Ct. App. 
 1986).  Here, Askins and Thomas Concrete may have been the only users of the 
 actual septic system, but this fact is not dispositive of whether the parties 
 had exclusive possession of the land above the septic tank.  Because we find 
 no evidence in the record that Thomas Concrete or Askins maintained exclusive 
 ownership of the land above the tank, we find the trial court properly granted 
 summary judgment in favor of the Richburgs. [1] 
II.  Prescriptive Easement Claim
Thomas Concrete contends the trial court erred when 
 it found that Thomas Concrete failed to establish a prescriptive easement to 
 use the property for its septic tank.  We disagree.
Thomas Concrete did not plead a prescriptive easement 
 in its answer, and the trial court did not address any argument relating to 
 a prescriptive easement in its written order.  The only reference made to a 
 prescriptive easement was during the hearing on summary judgment where the trial 
 court stated:

So the fact that it was not open, that it was not exclusive, 
 indeed that it was not possible as the case is defeats the adverse possession 
 claim.  The prescriptive right of easement is defeated by the same fact, that 
 it was not open.
Prescriptive easements do not require exclusive use because 
 it assumes that the use is shared by someone else and normally has to do with 
 roads that people are using in common, things of that nature.
But the use must be open in any event once again to allow 
 the rightful owner to object if he or she so chooses.  None of those things 
 are present in this particular case and for that reason[,] the plaintiffs motion 
 for summary judgment on its cause of action as to the removal of those encroachments 
 is granted.  

Thomas Concrete never raised the prescriptive easement 
 issue during the trial, and the trial court did not rule upon it in its written 
 order; thus, the issue is not preserved for our review.  Holy Loch Distribs., 
 Inc. v. Hitchcock, 340 S.C. 20, 24, 531 S.E.2d 282, 284 (2000).  In any 
 event, Thomas Concrete cannot establish a prescriptive easement because it presented 
 no evidence of use which is adverse to that of the Richburgs.  See Revis 
 v. Barrett, 321 S.C. 206, 209, 467 S.E.2d 460, 462 (Ct. App. 1996) (stating 
 that to establish an easement by prescription, a claimant must prove continued 
 use for twenty years, the identity of the thing enjoyed, and use which is either 
 adverse or under a claim of right).
III.  Denial of Summary Judgment as 
 to the Counterclaim
The Richburgs appeal the denial of their summary 
 judgment motion as to Thomas Concretes counterclaim for damages from surface 
 water runoff.  Pursuant to the supreme courts recent decision in Olson v. 
 Faculty House of Carolina, Inc., Op. No. 25632 (S.C. Sup. Ct. filed April 
 28, 2003 Shearouse Adv. Sh. No. 16 at 24), we find this issue is not ripe for 
 appeal.  
In Olson, the court noted that the denial 
 of summary judgment does not fully determine anything about the merits of the 
 underlying cause of action and does not have the effect of striking any defense 
 because that defense may be raised again later in the proceeding. Id. 
 (citing Ballenger v. Bowen, 313 S.C. 476, 443 S.E.2d 379 (1994)).  While 
 in the past this court has, in its discretion, heard an appeal from the denial 
 of summary judgment where there was another appealable issue before the court, 
 that is no longer the rule in South Carolina.  Olson expressly holds 
 the denial of a motion for summary judgment is not appealable, even after final 
 judgment.  In so holding, the supreme court expressly overruled cases that 
 are inconsistent with this rule.  Id.  Accordingly, we dismiss the Richburgs 
 appeal from the trial courts denial of their summary judgment motion as to 
 Thomas Concretes counterclaim.
 AFFIRMED.
CONNOR and STILWELL, JJ., 
 concur. 

 
 
 
 [1]   Having found that Thomas Concrete failed to establish the existence 
 of any issue of material fact regarding possession that is open, notorious, 
 and exclusive, we need not address the element of hostility.