THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Hubert Wood,       
Respondent,
 
 
 

v.

 
 
 
Linda R. M. Drost and Ronald Drost,       
Appellants.
 
 
 

Appeal From Horry County
J. Stanton Cross, Jr., Master-In-Equity

Unpublished Opinion No. 
2003-UP-587
Submitted May 12, 2003  Filed October 9, 2003 

AFFIRMED IN PART, REVERSED
IN PART, AND REMANDED

 
 
 
John R. Clarke of N. Myrtle Beach, for Appellants.
Ronald R. Norton of Conway, for Respondent.
 
 
 

PER CURIAM: Linda R. M. Drost and Ronald 
 Drost (the Drosts) appeal a master-in-equitys order granting an easement and 
 an injunction to Wood and awarding the Drosts $300 in damages on their counterclaim.  
 We affirm in part, reverse in part, and remand. 
 [1] 
FACTS
Wood purchased a 36-acre parcel (Parcel A) of land 
 in 1968.  He owned the property for approximately thirty years, accessing it 
 through a dirt road that ran from S.C. Highway 57, through land owned by Judy 
 D. Clardy. 
In September 1994, Judy D. Clardy divided the property 
 where the dirt road was located, selling 4.1 acres (Parcel B) to Wood and an 
 adjacent 5.1 acres (Parcel C) to the Drosts. 
 [2] The boundary between Parcels B and C ran roughly along the middle of 
 the dirt road.   
Wood cleared part of his property to make room 
 for a mobile home in February 1999.  Relying on misplaced surveyors flags, 
 Wood inadvertently cleared some trees and shrubs from the Drosts property.  
 As he situated the mobile home on the newly cleared property, he mistakenly 
 placed part of the home on the Drosts property.  
Wood and the Drosts agreed to have their properties 
 surveyed again, to determine whether Woods mobile home and timber clearing 
 had encroached on the Drosts property.  A March 1999 survey revealed Woods 
 error.    Consequently, Wood paid for the survey and moved the mobile home entirely 
 onto his property.  
The Drosts also demanded that Wood pay and provide 
 a fence between Parcels B and C.  Wood complied, erecting a wooden fence approximately 
 one foot inside his property line.  Later, the Drosts erected a metal fence 
 in the dirt road, along the property line they share with Wood.  The presence 
 of the metal fence curtailed Woods access to his Tract A, where he farmed and 
 maintained livestock.  
In September 2000, Hubert Wood initiated the present 
 action to enjoin the Drosts from obstructing or damaging a particular road through 
 which a boundary line between their properties ran.  The action also sought 
 to enjoin the Drosts from interfering with traffic on the road.  
The Drosts answered and counterclaimed, alleging 
 Wood trespassed on their property by cutting down trees and bushes from part 
 of the property and placing a mobile home on part of their property.  They further 
 alleged Wood constructed a wooden fence on their property, constituting a continuing 
 nuisance.  
Upon consent of both parties, the circuit court 
 referred the matter to the Master-in-Equity.  The master issued an order in 
 May 2001 granting Woods requested injunction, but awarding $300 damages to 
 the Drosts on their trespass claim.  The Drosts made a Rule 59(e), SCRCP, motion 
 seeking a new trial and/or an amended verdict, which the master denied.  This 
 appeal followed.
ISSUES

I.       Did the master err in finding that the road had 
 been used by vehicular traffic, farm equipment, tractors and logging trucks?  

II.      Did the master err in finding that Wood used the 
 road to access Parcel A since 1968?
III.     Did the master err in finding that the road provided Woods only means 
 of ingress to and egress from Parcel A?
IV.     Did the master err in failing to find Wood blocked 
 the road when he placed a mobile home in the exact location where the road 
 was shown on the plat, thereby denying access to Eldred Clardy?
V.      Did the master err in failing to make findings of 
 fact and conclusions of law regarding the exact location of the road?
VI.     Did the master err in failing to find Woods fence 
 encroached on the Drosts' property?
VII.    Did the master err in failing to consider the impact 
 of the continued presence of utility, water and sewer lines on their property, 
 which were placed there by Woods?  Should Woods be forced to remove them from 
 his property?
VIII.  Was the masters valuation of the Drosts trees supported 
 by the preponderance of the evidence? 

STANDARD OF REVIEW
The determination of 
 the existence of an easement is a question of fact in a law action and subject 
 to any evidence standard of review when tried by a judge without a jury.  Slear 
 v. Hanna, 329 S.C. 407, 410, 496 S.E.2d 633, 634 (1998).  In an action at 
 law, the appellate court may correct any errors of law, but it must affirm the 
 masters factual findings unless there is not evidence that reasonably support 
 those findings.  Sea Cabins on the Ocean IV Homeowners Assn, Inc. v. City 
 of N. Myrtle Beach, 337 S.C. 380, 388, 523 S.E.2d 193, 197 (Ct. App. 1999).
LAW/ANALYSIS
We need not address the Drosts issues I, II, and 
 III since they do not challenge the trial courts finding that Wood has an easement 
 by grant over the road in question. Therefore, the questions of whether 
 the road had been used by vehicular; how long Wood used the road, and whether 
 the road was Woods only mean of ingress and egress to Parcel A are irrelevant.  
 A judgment will not be disturbed where unchallenged findings are sufficient 
 to support the judgment.  Nelums v. Cousins, 304 S.C. 306, 307, 403 S.E.2d 
 681 (Ct. App. 1991) (citing Dwyer v. Tom Jenkins Realty, Inc. 289 S.C. 
 118, 344 S.E.2d 886 (Ct. App. 1986).
Notwithstanding the fact that the Drosts 
 failed to challenge the finding of an easement by grant, we have reviewed the 
 record and find the Drosts position lacks merit.  We will address each issue 
 separately.
I.
The Drosts first argue that the 
 master erred in finding that the testimony is clear that the road had been 
 used by vehicular traffic, farm equipment, tractors, and logging trucks. 
   We disagree.
In a deposition introduced at trial, Thurman Eldred 
 Clardy, who had been born and raised on the property, and owned adjacent property, 
 testified,  when we were timbering, that was our access road to move timber 
 out of that property.  And when we cut our original timber, we left some hardwoods 
 and some seed pines to take out later after the property had reseeded.  Joe 
 Clardy, who once farmed the property and whose wife sold the property to the 
 Drosts and Wood, testified that when he farmed the property in the 1960s, he 
 drove tractors, trucks and miscellaneous vehicular farm equipment down the road 
 to Parcel A.  A second witness, Jerome Bell, testified that he had driven both 
 a truck and tractor down the road.  Additionally, Wood testified that he had 
 driven trucks and tractors down the road.  Accordingly, we find evidence exists 
 to support the masters finding, and cannot say as a matter of law that the 
 court erred in finding that the road had been used by vehicular traffic.
II.
The Drosts argue that the master erred in finding 
 that Wood used the road to access Parcel A since 1968.  We disagree.
Wood testified that he had used the road to access 
 Parcel A since he purchased the parcel in 1968.  We find this reflects the existence 
 of any evidence in the record to support the masters finding that Wood used 
 the road to access Parcel A since 1968. Furthermore, we cannot say as a matter 
 of law that the master erred in finding Wood used the road to access Parcel 
 since 1968.
III. 
The Drosts next contend that the Master erred in 
 finding that the road provided his only means of ingress to and egress from 
 Parcel A.  We disagree.
Wood testified that the road provided the only 
 means to access Parcel A.  Joe Clardy, who used the road while farming the property 
 in the 1960s, testified:

Theres no other road and never has there been a road that 
 you could use for anything other than a footpath or maybe a mule without any 
 equipment behind it.  There were some footpaths but they were not large enough 
 to accommodate even a mule or a wagon.  You could walk the mule or a small drag 
 but you couldnt get any equipment in [Parcel A].

The Drosts provided no evidence that an adequate 
 alternate route existed to provide ingress to and egress from Parcel A.  Rather, 
 they argue the dirt road could have been widened onto Woods property to provide 
 a sufficiently wide road with which he could have accessed Parcel A.  However, 
 we cannot say as a matter of law that this constitutes error on the part of 
 the master, particularly since the Drosts cite no law indicating error in this 
 regard.  Accordingly, we find the master did not err in finding that the road 
 provided Woods only source of ingress and egress to Parcel A.
IV.  
The masters order and the transcript 
 of the proceedings below indicate that the parties agreed that the Drosts issues 
 four, five, six and seven would be resolved by having a surveyor flag the width 
 and location of the road, any structures on the road, encroachments or trespasses, 
 utility lines, or fences across the boundary lines. The parties agreed to share 
 the cost of the surveyor.  The record does not reflect whether a surveyor 
 has completed the flagging. Nonetheless, due to the parties stipulations, Drosts 
 issues four, five, six, and seven cannot form the basis of any alleged error 
 by the master.  An issue conceded in the trial court cannot be argued on appeal.  
 State v. Benton, 338 S.C. 151, 157, 526 S.E.2d 228, 231 (2000).  A party 
 cannot acquiesce to an issue at trial and then complain on appeal.  Ex parte 
 McMillian v. Morin, 319 S.C. 331, 335, 461 S.E.2d 43, 45 (1995).
We find no evidence in the record supporting 
 the masters determination that the value of Drosts damage totals $300.00.  
 However, Wood admits to having damaged the Drosts property to some extent.  
 Thus, we remand this issue to the master for determination of damages.
CONCLUSION
For the forgoing reasons, the order of the master-in-equity is  
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GOOLSBY, HOWARD, and BEATTY, JJ.  concur.

 
 
 [1] We decide this case without oral argument pursuant to Rule 215, SCAR.

 
 
 [2] Ronald Drost conveyed his interest in Parcel C to Linda R. M. Drost 
 in March 2000 using a quit claim deed.