604 S.E.2d 714

**James M. LOFTIS and Roxana T. Loftis, Appellants,**

v.

**SOUTH CAROLINA ELECTRIC AND GAS COMPANY, Respondent.**

No. 3874.

Court of Appeals of South Carolina.

Submitted Sept. 14, 2004.

Decided Oct. 11, 2004.

436

Kenneth C. Krawcheck, of Charleston, for Appellant.

John M. Mahon, Jr. and Beaumont Barre Covert, both of Columbia; Wade H. Logan, III, Elizabeth Scott Moise and M. Scott Taylor, all of Charleston, for Respondent.

WILLIAMS, J.:

In this action filed by a property owner seeking an injunction preventing SCE&G from maintaining power lines on his property and damages resulting from past maintenance, the owner challenges the master's grant of summary judgment. The master based his ruling on, among other things, SCE&G's establishment of a prescriptive easement to maintain the power lines. We affirm.

## FACTS

On September 4, 1998, James and Roxana Loftis ("Appellants") purchased a parcel of land located on Bryan Road in Hollywood, South Carolina. On two occasions prior to purchasing the property, Mr. Loftis conducted a walking inspection of the land. Two power lines extended across the property, one dedicated to the previous owner's residence and a second line that provided electrical service to all the residents of Bryan road.

While inspecting the property at the request of Mr. Loftis for the purpose of initiating basic electrical service, SCE&G

determined that safety concerns mandated routine trimming around all the power lines on the property. Thus, on three occasions, SCE&G's independent contractors entered the property to clear vegetation. On two occasions, Appellants' father, who was staying on the property, halted the trimming.

Believing SCE&G's trimming activities damaged their property, Appellants brought suit, asserting claims of conversion, negligence, and trespass. Appellants asked the court for money damages, an order requiring SCE&G to remove the existing power lines, and an injunction preventing SCE&G from entering the property in the future.

On October 4, 2002, SCE&G filed and served a motion for summary judgment on all causes of action. On the day scheduled for trial, the master agreed to hear arguments on SCE&G's summary judgment motion prior to the start of trial. Indicating he felt "hamstrung," Appellants' trial attorney explained he was surprised a hearing was being held on the motion. The master postponed the trial, allowing Appellants "ten days to submit a Brief with any supporting affidavits, or evidence that you want." After reviewing supplemental material from both parties, the master granted summary judgment on the trespass and conversion causes of action based on multiple grounds. This appeal follows.

## STANDARD OF REVIEW

■■ The purpose of summary judgment is to expedite the disposition of cases which do not require the services of a fact finder. *Dawkins v. Fields,* 354 S.C. 58, 69, 580 S.E.2d 433, 438 (2003); *George v. Fabri,* 345 S.C. 440, 452, 548 S.E.2d 868, 874 (2001). When reviewing the grant of a summary judgment motion, this court applies the same standard which governs the trial court under Rule 56(c), SCRCP. *Fleming v. Rose,* 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002). Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Laurens Emergency Med. Specialists v. M.S. Bailey & Sons Bankers,* 355 S.C. 104, 108, 584 S.E.2d 375, 377 (2003). In determining whether any triable issue of fact

exists, the evidence and all factual inferences drawn from it must be viewed in a light most favorable to the nonmoving party. *Sauner v. Public Serv. Auth.*, 354 S.C. 397, 404, 581 S.E.2d 161, 165 (2003). *Hendricks v. Clemson Univ.*, 353 S.C. 449, 455–56, 578 S.E.2d 711, 714 (2003).

## LAW / ANALYSIS

■ Appellants first argue the trial court erred in hearing SCE&G's motion for summary judgment on the day trial was scheduled to begin. In support of their position they cite Rule 6(d), SCRCP, which reads, "a written motion ... and notice of the hearing thereof, shall be served not later than ten days before the time specified for the hearing."

We conclude there was no reversible error in the procedure followed by the trial court. SCE&G's motion was filed and served twenty-seven days before the hearing. In response to objections to the timing of the motion hearing, the trial court granted Appellants ten additional days to submit a brief and opposing affidavits and did not rule on the motion until full consideration of these materials was given. Accordingly, we find Appellants have not been prejudiced. *See Dedes v. Strickland*, 307 S.C. 152, 155, 414 S.E.2d 132, 134 (1992) (holding that failure to give written notice of a motion hearing is reversible error when it "wrongfully denie[s] the opportunity to submit affidavits, documents or testimony opposing ... the motion" and thereby causes prejudice to the opposing party). Having addressed Appellants' procedural exception, we move now to the merits of the master's findings.

■ The master concluded, as one of several grounds for finding a valid easement on Appellants' property, that SCE&G successfully established an easement by prescription. We affirm the master's decision on this ground.[1]

---

1. In light of our disposition of the case on the issue of prescriptive easement, it is not necessary to address Appellants' remaining issues. *See* Rule 220(c), SCACR; *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (appellate courts need not address remaining issues when the disposition of a prior issue is dispositive).

■ In order to establish an easement by prescription a party must show: (1) the continued and uninterrupted use or enjoyment of a right for a full period of twenty years; (2) the identity of the thing enjoyed; and (3) that the use or enjoyment was adverse or under claim of right. *Horry County v. Laychur*, 315 S.C. 364, 367, 434 S.E.2d 259, 261 (1993); *Babb v. Harrison*, 220 S.C. 20, 24–25, 66 S.E.2d 457, 458 (1951); *Hartley v. John Wesley United Methodist Church of Johns Island*, 355 S.C. 145, 150, 584 S.E.2d 386, 388 (Ct.App.2003). Having reviewed the elements which define a prescriptive easement, we now review the evidence on the matter, being mindful to give Appellants "the benefit of all favorable inferences that might reasonably be drawn therefrom." *Estes v. Roper Temporary Services*, 304 S.C. 120, 121, 403 S.E.2d 157, 158 (Ct.App.1991).

We find ample undisputed evidence in the record to support the master's finding of a prescriptive easement. An agent of SCE & G testified that he inspected several telephone poles supporting the electrical lines crossing Appellants' property and found a "birthmark" on one pole reading 1972 and another reading 1954.[2] The son of Appellants' property's prior owner, who is also a current neighbor of Appellants, testified that the property in question has received electrical service through the power lines since at least 1949. A life-time neighbor and family friend to the property's prior owners testified that the power lines at issue have been on the property since the 1930's, and electrical service provided every decade since. Because one of the two power lines in question is a "primary distribution line" that supplies power to the rest of Bryan Road, the few intermittent periods where Appellants' property did not receive electrical service do not cause the prescriptive easement to fail for lack of "continual" or "uninterrupted" use. Even when Appellants' property was without electrical service, the power lines were still being maintained and used by SCE&G. The evidence clearly supports the master's conclusion that SCE&G used the property to supply power to the residents of Bryan Road for the required twenty-year period.

---

2. A "birthmark" is a physical marking SCE&G places on its telephone poles which reflect the year in which they were erected.

■ The brunt of Appellants' argument, however, lies in the third requirement for establishing an easement by prescription. Appellants incorrectly assert that a prescriptive easement cannot be established in this case because "[o]bviously, use is not adverse where the [d]efendant had a mistaken belief it had the right to be on the property." Appellants ignore that a prescriptive easement can also be established under a "claim of right," or, in other words, under the very mistaken belief Appellants admit drove SCE&G's actions. Our courts have held that a party may earn a prescriptive easement under a claim of right if "he demonstrate[s] a substantial belief that he had the right to use" the property in a manner consistent with the alleged easement. *Hartley*, 355 S.C. at 151, 584 S.E.2d at 389; *see also Revis v. Barrett*, 321 S.C. 206, 209, 467 S.E.2d 460, 462 (1996) (holding a party's belief about her right to use a road flowed from a claim of right); *Morrow v. Dyches*, 328 S.C. 522, 528, 492 S.E.2d 420, 424 (Ct.App.1997) (noting a party's belief that he had a right-of-way may be sufficient for a prescriptive easement pursuant to a claim of right).

In the case before us, SCE&G has used and maintained the power lines in question since the 1930's pursuant to their belief they had a valid right-of-way to use the property in this manner. Evidence supporting this belief, or claim of right, was presented to the master in the form of testimony regarding SCE&G's search for documents, believed to exist but missing, proving a filed right-of-way on the property. Furthermore, SCE&G presented as evidence several versions of their general service terms and conditions, which have stated the following since 1962:

> "The Customer, in requesting or accepting service, thereby grants the Company without charge necessary rights-of-way and trimming and clearing privileges for its facilities along, across, and under property controlled by the Customer ... to the extent that such rights-of-way and trimmings are required or necessary to enable Company to supply service to the Customer ... [and] to serve other Customers."

Since the prior owners of Appellants' property requested and received decades of electrical service, this evidence clearly

supports the master's finding that SCE&G had a substantial belief it had a right to use the property in the manner it did based upon the totality of the circumstances. Pursuant to this Court's standard of review, we therefore uphold the master's establishment of an easement by prescription in favor of SCE&G.

Finally, we address Appellants' contention that since they never requested electrical service from SCE&G,[3] they are not bound by SCE&G's easement on the property, no matter what theory supports the easement's establishment. A purchaser of land with actual, constructive, or implied notice that the property is burdened with an easement ordinarily takes the estate subject to the easement. 25 Am. Jur. 2d *Easements and Licenses* § 106 at 677 (1996). In order to charge the purchaser of a servient estate with notice of an unrecorded easement, the marks of the servitude must be open and visible. 25 Am. Jur. 2d *Easements and Licenses* § 107 at 678 (1996). Here, the marks of the easement (the poles and power lines) were open and visible. Furthermore, Appellants admit to making inspections of the property and to actual knowledge of the power lines prior to the property's purchase. We therefore conclude that Appellants purchased the property subject to SCE&G's prescriptive easement.

For the foregoing reasons, the master-in-equity's decision is

**AFFIRMED.**

GOOLSBY and ANDERSON, JJ., concur.

---

3. Although Appellants did not officially request electrical service prior to the trimming that gave rise to this action, they have since requested and received such service.