THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Julian Ford, Jr.,  Appellant,
v.
William D. Catoe, Director of (SCDC), Dr. S.G.
Alewine, H. Rentz, Boulware, P. Warren, Patel, Gowan, (CMS), Dr. S. Blackwell, and
G.W. Fricks, Deputy Director of Health Services, Defendants,
Of whom William D. Catoe, Director of (SCDC), Dr.
S.G. Alewine, H. Rentz, Boulware, Dr. S. Blackwell, and G.W. Fricks, Deputy Director of Health Services, are the,
Respondents.
 
 
 

Appeal From Lee County
 Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2006-UP-108
Submitted February 1, 2006  Filed February 21, 2006

AFFIRMED

 
 
 
Julian Ford, Jr., of Columbia, Pro Se, for Appellant.
Andrew F. Lindemann, of Columbia and James E. Parham, Jr., of Irmo, for Respondents.
 
 
 

PER CURIAM: Julian Ford is a pro se Appellant currently incarcerated at the South Carolina Department of Corrections (the Department).  Respondents are the Director of the Department William D. Catoe, Dr. Alewine, Dr. Rentz, Dr. Boulware, Dr. Blackwell, and Deputy Director of Health Services Gail W. Fricks (collectively Respondents).  Ford appeals the order of the trial court granting Respondents motion for summary judgment.  
We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: (Issue I) Martasin v. Hilton Head Health Sys., 364 S.C. 430, 438, 613 S.E.2d 795, 799 (Ct. App. 2005) (A plaintiff in a medical malpractice case must establish by expert testimony both the standard of care and the defendants failure to conform to the required standard, unless the subject matter is of common knowledge or experience so that no special learning is needed to evaluate the defendants conduct.); (Issue II) Wright v. Collins, 766 F.2d 845-46 (4th Cir. 1985) (holding a pro se litigant must object to the magistrates report to preserve his objection for appeal so long as he receives fair notification of the consequences of his failure to object); (Issue III) Martasin, 364 S.C. at 438, 613 S.E.2d at 799; Jernigan v. King, 312 S.C. 331, 333, 440 S.E.2d 379, 381 (Ct. App. 1993) (holding plaintiff must establish standard of care by expert testimony unless subject matter lies within ambit of common knowledge and experience); (Issue IV) S.C. Code Ann. § 15-78-70 (2005) (An employee of a governmental entity who commits a tort while acting within the scope of his official duty is not liable therefor . . . [unless the act] constituted actual fraud, actual malice, intent to harm, or a crime involving moral turpitude.); (Issue V) Loftis v. S.C. Elec. & Gas Co., 361 S.C. 434, 438, 604 S.E.2d 714, 716 (Ct. App. 2004) (concluding error without prejudice is not reversible); (Issue VI) Rule 56, SCRCP; and (Issue VII) Rule 220(b)(2), SCACR (The Court of Appeals need not address a point which is manifestly without merit.). 
 AFFIRMED.
 BEATTY, SHORT, and WILLIAMS, JJ., concur.

[1]  We decide the case without oral argument pursuant to Rule 215, SCACR.