THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Cathy T. Sanders, Respondent,
 
 
 

v.

 
 
 
 Charles N. Sanders, Appellant.
 
 
 

Appeal From Charleston County
Paul W. Garfinkel, Family Court Judge

Unpublished Opinion No. 2006-UP-351
Submitted October 1, 2006  Filed October 19, 2006

AFFIRMED

 
 
 
 Jessie J. Glenn, of North Charleston, for Appellant.
 Cathy T. Sanders, of Hollywood, Respondent Pro Se.
 
 
 

PER CURIAM: In this domestic action, Charles Sanders (Husband) appeals the order of the family court awarding Cathy Sanders (Wife) alimony.  Husband also contends the family court erred by imputing an excessive amount of income to him.   We affirm.[1]
FACTS
Husband and Wife married in 1965 and separated in 2000 after thirty-five years of marriage.  They have two children, both of whom are emancipated.  
Wife has a two-year college degree and worked part-time during the marriage as a medical secretary.  During the marriage, Wifes primary role was that of homemaker, taking care of the majority of the household duties, including cooking, cleaning, and caring for the parties children. 
Husband worked as a management consultant in the apparel industry and earned $100,000 a year.  Both children attended private schools and the parties took numerous vacations.  In 1976, Husband and Wife built a house on Youngs Island on land Wife inherited.  The parties also had a home in North Carolina in which they lived when Husbands employer transferred him there.  In addition, Husband and Wife purchased two condominiums in Myrtle Beach for investment purposes.   
The parties maintained a high standard of living until 1996, when they filed for bankruptcy.  Husband claims he lost his job because the enactment of the North American Free Trade Agreement (NAFTA) in the early 1990s caused his employment opportunities to move overseas.  Although he received numerous job offers, he did not accept any of the offers because he did not want to live abroad.  Husband is currently employed as a starter ranger on a golf course and makes six dollars an hour.   
The parties separated in May 2000, after Husband confessed he was having an adulterous affair.  On June 29, 2004, Wife instituted this action against Husband.  By order dated March 15, 2005, the family court granted Wife a divorce based on Husbands adultery.  Further, the family court found Husband was currently woefully under employed and found Husband had the ability to earn a substantial income.  Accordingly, the family court ordered him to pay Wife two thousand dollars a month in alimony.  This appeal followed.
STANDARD OF REVIEW
On appeal from the family court, this court has the authority to find facts in accordance with its own view of the preponderance of the evidence.  Dearybury v. Dearybury, 351 S.C. 278, 283, 569 S.E.2d 367, 369 (2002); Lanier v. Lanier, 364 S.C. 211, 215, 612 S.E.2d 456, 458 (Ct. App. 2005); Nasser-Moghaddassi v. Moghaddassi, 364 S.C. 182, 189, 612 S.E.2d 707, 711 (Ct. App. 2005); Emery v. Smith, 361 S.C. 207, 213, 603 S.E.2d 598, 601 (Ct. App. 2004) (citing Rutherford v. Rutherford, 307 S.C. 199, 414 S.E.2d 157 (1992)).  This broad scope of review does not require us to disregard the family courts findings, and we remain mindful of the fact that the family court, who saw and heard the parties, is in a better position to evaluate their credibility and assign weight to their testimony.  Cherry v. Thomasson, 276 S.C. 524, 525, 280 S.E.2d 541, 541 (1981); Holler v. Holler, 364 S.C. 256, 261, 612 S.E.2d 469, 472 (Ct. App. 2005); see Dorchester County Dept of Soc. Servs. v. Miller, 324 S.C. 445, 477 S.E.2d 476 (Ct. App. 1996) (stating that because the appellate court lacks the opportunity to directly observe the witnesses, it should accord great deference to the family courts findings where matters of credibility are involved).
ISSUES

 
 I.
 Did the family court err by failing to review the applicable statutory factors before awarding Wife alimony of two thousand dollars?  
 
 
 II.
 Did the family court err by imputing an excessive amount of income to Husband?
 

DISCUSSION
I.  Alimony Award
Husband argues the family court erred in ordering him to pay Wife alimony in the amount of two thousand dollars per month without considering the applicable statutory factors.  We disagree.
We hold this argument is not preserved for our review.  To preserve an issue for appellate review, the issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the family court.  Charleston County Dept of Soc. Servs. v. Jackson  368 S.C. 87, 104-05, 627 S.E.2d 765, 775 (Ct. App. 2006) (citing Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d 543, 546 (2000) (It is well-settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review.)); Jones v. Daley, 363 S.C. 310, 315, 609 S.E.2d 597, 599 (Ct. App. 2005).  Husband did not raise this argument to the family court.  Additionally, Husband failed to make a Rule 59(e), SCRCP, motion seeking judicial determination of this issue.  Therefore, this issue is not preserved.  See Washington v. Washington, 308 S.C. 549, 551, 419 S.E.2d 779, 781 (1992) (holding when an appellant neither raises an issue at trial nor through a Rule 59(e), SCRCP, motion to amend, the issue is not properly presented to an appellate court for review).  
II. Amount of Imputed Income
Husband argues the family court erred by failing to include a specified amount of income imputed to him in the divorce decree before awarding Wife alimony.  Husband maintains the divorce decree is devoid of any income imputable to him.  We disagree.
Husband did not raise this issue to the family court or in any subsequent Rule 59(e) motion and, therefore, this issue is not preserved for our review. See Riggs v. Riggs, 353 S.C. 230, 237, 578 S.E.2d 3, 6 (2003) (citing Hatfield v. Hatfield, 327 S.C. 360, 489 S.E.2d 212 (Ct. App. 1997) (issue must be raised to and ruled on by family court to be preserved for appellate review)).
Next, Husband contends the family court imputed an excessive amount of income to him.  Specifically, Husband contends the family court erred by imputing $100,000 to him as income when no evidence suggested Husbands change in income was intentional or voluntary.  We disagree.
We rule that Husband failed to present this argument to the family court or make a subsequent Rule 59(e) motion and, therefore, this issue is not preserved for our review.  See Hatfield, 327 S.C. at 367, 489 S.E.2d at 216 (citing Hickman v. Hickman, 301 S.C. 455, 392 S.E.2d 481 (Ct. App. 1990) (issue not presented to and passed upon by the trial court cannot be considered on appeal)).  
Lastly, Husband argues the family court erred in basing the award of alimony on his income of $100,000, when he earned that amount of income for only fifteen of the thirty-five years the couple was married.  We disagree. 
We conclude this argument, having not been raised to and ruled upon by the family court, is not preserved for our review.  An issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved for appellate review. Lucas v. Rawl Family Ltd. Pship, 359 S.C. 505, 511, 598 S.E.2d 712, 715 (2004); see also Ellie, Inc. v. Miccichi, 358 S.C. 78, 102, 594 S.E.2d 485, 498 (Ct. App. 2004) (noting it is axiomatic that an issue cannot be raised for the first time on appeal). 
CONCLUSION
Because we find the Appellant did not properly preserve the issues on appeal, we affirm the family courts order in its entirety. 
Accordingly, the family courts order is 
AFFIRMED. 
ANDERSON, HUFF, and SHORT, JJ., concur.

[1] Because oral argument would not aid the Court in resolving the issues on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.