## 9727

### WILLIAMSON v. ABBOTT *ET AL.*

#### (93 S. E. 15.)

1. EASEMENTS — ADVERSE POSSESSION — CHARACTER AND ELEMENTS.—To establish a right by prescription three things must be proven: (1) The continued and uninterrupted use of the right for 20 years; (2) the identity of the thing enjoyed, and (3) that the use was adverse or under claim of right.

2. WATERS AND WATERCOURSES—PRESCRIPTION—ADVERSE USE—PRESUMPTION.—The rule that when it appears that claimant has enjoyed an easement openly, notoriously, continuously, and uninterruptedly for 20 years, use is presumed to have been adverse does not apply when claimant's own testimony shows that the use was permissive in its inception.

3. WATERS AND WATERCOURSES—PRESCRIPTION—PERMISSIVE USE.—Plaintiff cannot recover damages for closing a ditch on land of defendants through which he claims a prescriptive easement of drainage, where evidence shows that the use of the ditch was permissive in its origin, and shows no distinct and positive assertion of a right hostile to the owners of the servient estate.

4. WATERS AND WATERCOURSES—PRESCRIPTION—PERMISSIVE USE.—Where, in an action for closing a ditch on land of defendants, it appears that use of ditch was permissive in origin, the Court errs in instructing jury that permission relied upon to defeat easement must have

been given by owner of servient estate, or by some one duly authorized by him to give such permission, since the asking and obtaining of permission, whether from a tenant or owner of the servient estate, stamps the character of the use as not having been adverse or under claim of right.

5. WATERS AND WATERCOURSES—PRESCRIPTION—EVIDENCE.—In an action for closing a ditch on land of defendants, the Court erred in instructing the jury that they might infer prescriptive easement of drainage from same evidence as they might infer a public way.

Before MAULDIN, J., Darlington, November, 1915. Reversed

Action by L. W. Williamson against G. Walter Abbott and others. From a judgment for plaintiff, defendants appeal.

*Mr. Geo. H. Edwards,* for appellants, cite: *As to requirement of easement by prescription:* 2 McC. 445; 53 S. C. 514. *Degree of proof:* 22 S. C. 545. *Relation of tenant:* 1 Cyc. 1062; 53 L. R. A. 951; 89 Am. St. Rep. 89; 1 Spears L. 231; 35 S. C. 610; 15 Am. Dec. 455; 17 Am. Dec. 518; 47 Am. Dec. 462. *Adverse user:* 2 Strob. 60; 96 S. C. 259. *Elements of damage:* 57 S. C. 189; 63 S. C. 462.

*Messrs. Dargan & Dargan* and *E. C. Dennis,* for respondent. *Mr. Dennis* cites: *As to motion to direct verdict:* 91 S. C. 540. *Some evidence presented an issue for the jury:* 89 S. C. 140; 97 S. C. 116; 102 S. C. 166. *This Court cannot review the evidence:* 53 S. C. 210; 61 S. C. 17. *New trial discretionary with trial Judge:* 94 S. C. 224. *Acquirement of easement by prescription:* 9 R. C. L. 781; 8 L. R. A. (N. S.) 149; 44 L. R. A. (N. S.) 98; 11 Rich. L. 153; Washburn Easements (4th ed.) 156, 176, 177; 14 Cyc. 1152; 13 L. R. A. (N. S.) 990; 22 A. & E. Enc. of L. 1198; 18 *Ib.* 451. *An easement not a tenacy:* 6 L. R. A. 159.

July 4, 1917.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

Defendants appeal from judgment for plaintiff for $25 damages for closing a ditch on their land through which plaintiff claims a prescriptive right of drainage. The parties own adjoining lands. Plaintiff acquired his title in 1896. Defendants acquired theirs in 1911, and closed the ditch in 1913.

The testimony on which plaintiff relies to establish the right claimed, stated most strongly in his favor, tends to show that for more than 20 years, there had been a ditch on defendants' land, which began at or near the line between them, and ran thence through defendants' land to a branch; and, for more than 20 years, there had been a ditch on his land, which emptied into the one on defendants' land; that in March, 1913, defendants filled up a part of the ditch on their land, next to the dividing line, and thereby prevented the drainage of his land through defendants' ditch. The testimony does not fix definitely the date when the ditch on plaintiff's land was dug and connected with the one on defendants' land; but plaintiff's witness, Eli Wingate, fixes it approximately, for he says that he dug it about 5 years after the memorable political campaign of 1876; that he was a tenant of the land now owned by plaintiff, under Wilson Fountain, and was cultivating the bottom which the ditch drains; that, finding it too wet, by permission from Fountain, he undertook to drain it; that Handy Holloway was at that time a tenant of the land now owned by defendants, renting the same from Mrs. Marco, the owner, and he applied to Handy and obtained permission from him to connect the ditch on Fountain's land which he contemplated digging, with the one on Mrs. Marco's land. There is no testimony to the contrary; and there is no testimony that the privilege so obtained and begun by Wingate was ever claimed as a right by any one, until after plaintiff acquired

his title, in 1896, and no testimony of any positive assertion of such right by plaintiff, until in 1908, at which time the ditch on Mrs. Marco's land was cleaned out and dug deeper, but obstructed for several feet from the dividing line on Mrs. Marco's land. Plaintiff testified that he complained of the obstruction (he does not say to whom), and it was removed (he does not know by whom).

From the foregoing statement, it clearly appears that the testimony offered by plaintiff not only fails to establish, even *prima facie*, the right claimed, but it shows affirmatively that he had no such right. It follows that the trial Judge erred in refusing defendants' motion for a directed verdict.

To establish a right by prescription, it is necessary to prove three things: (1) The continued and uninterrupted use or enjoyment of the right for the full period of 20 years; (2) the identity of the thing enjoyed; (3) that the use or enjoyment was adverse, or under claim of right. *Lawton* v. *Rivers,* 13 S. C. L (2 McCord) 445, 13 Am. Dec. 741; *Bailey* v. *Gray,* 53 S. C. 503, 31 S. E. 354. While it is true that, when it appears that claimant has enjoyed an easement openly, notoriously, continuously, and uninterruptedly, in derogation of another's rights, for the full period of 20 years, the use will be presumed to have been adverse, so as to cast upon the owner of the servient estate the burden of rebutting the presumption (*Chalk* v. *McAlily,* 11 Rich. 153), that rule does not apply when claimant's own testimony shows that the use was permissive in its inception.

"It is the well settled rule that use by express or implied permission or license, no matter how long continued, cannot ripen into an easement by prescription, since user as of right, as distinguished from permissive user, is lacking, if permissive in its inception, such permissive character will continue of the same nature, and no adverse user can arise, until there is a distinct and positive assertion of a right hostile to the owner, and brought home

to him." 9 R. C. L. 778. As heretofore stated, the testimony offered by plaintiff shows that the use was permissive in its origin, and there is no evidence of any distinct and positive assertion of a right hostile to the owner, until it was made by plaintiff in 1908.

The Court instructed the jury that the permission relied upon to defeat the easement claimed must have been given by the owner of the servient estate, or by some one duly authorized by him to give such permission. This was error. The asking and obtaining of permission, whether from the tenant or owner of the servient estate, stamps the character of the use as not having been adverse, or under claim of right, and, therefore, as lacking that essential element which was necessary for it to ripen into a right of prescription. The question is not whether Mrs. Marco was bound by the permission given by her tenant, but it is whether the use of the ditch on her land was claimed and enjoyed as a right, or as a favor.

The Court erred also in instructing the jury that "the same thing applies to water as to a public way." A material difference and the reason for it was pointed out by Judge O'Neall in *State* v. *Sartor,* 33 S. C. L. (2 Strob.) 60, 66: "In one respect, I think there is a great difference as to the evidence from which a dedication to public use may be presumed, and prescription for a private way. In the latter no such right can arise in woodland, without some unequivocal act of adverse right, such as cutting out the road, or repairing it. The reason of that is obvious—a private way is an easement in favor of another, in derogation of the rights of the owner; and hence is not to arise without clear, unequivocal proof of such facts as will give the right from the owner to the claimant. In the case of a public way, every man holds his land subject to the right of the State to lay out roads over it for public purposes. This being so, if the way be found to exist long enough to

26—107.

presume a dedication, the right to regard it as public, if its other characteristics be found, is made out."

Judgment reversed.