16526

BABB v. HARRISON
(66 S. E. (2d) 457)

*Messrs. Cain & Earle,* of Greenville, *for Appellant,*

*Messrs. E. M. Blythe, Jr.,* and *J. D. Lanford,* of Green-ville, *for Respondent,*

July 27, 1951.

TAYLOR, Justice.

This action was brought in the County Court of Greenville County to establish title to a small triangular portion of appellant's land which had been used by respondent as a portion of her driveway. The complaint states in substance that respondent owned and occupied certain property on West Stone Avenue in the City of Greenville and for ten years prior thereto had held the open, notorious, exclusive, hostile, continuous and unbroken possession of the driveway in question and that appellant was attempting to erect a fence into a portion of said driveway in such a way as to deprive respondent of her use and asked that appellant be permanently enjoined from interferring with respondent's use thereof. Simultaneously appellant was served with a rule to show cause why she should not be enjoined from doing the acts

complained of and that she in the meantime be restrained pending the hearing. Prior to the hearing, respondent amended her complaint and contended further that she was entitled to the use of the disputed property by way of prescription, contending that the driveway as now exists had been used and occupied by respondent and her predecessors in title for a period of more than twenty years and prayed that she be declared the owner of the driveway as it now exists or in the alternative be declared to have an easement over same. Appellant filed her answer and return simultaneously, wherein she sought to have the restraining order dissolved, admitted the existence of the driveway and the use thereof by respondent from time to time, but denied that respondent's use had been open, notorious, exclusive, hostile, continuous, unbroken or adverse and prayed that the injuction sought be dismissed.

On August 7, 1950, His Honor, the Presiding Judge, filed his decree holding that respondent had established her right to an easement by prescription over said disputed area and enjoined the appellant from obstructing the same and refused to pass upon respondent's claim of title by adverse possession.

Respondent carries with her the burden of proving that the use of such disputed area was adverse for the full period of twenty years in order to establish an easement by prescription. About the year 1946, respondent's husband stated that he "claimed to the hedge." Prior to this, there is no testimony as to any words or acts evidencing such claim. A survey of the property was not made until shortly prior to the commencement of the proceedings in this case. After the corner was definitely established by survey, it was proposed that; if appellant would grant respondent an easement over the disputed area, respondent would in turn grant a like privilege over the back of respondent's lot. It is therefore clear that neither party knew the exact location of the line which renders it difficult

to see how respondent could have intended to assert any adverse claim to any portion of appellant's land. Certainly respondent was not claiming beyond the boundary at the time the proposition for an easement thereon was made as there would be no reason for such request. If she was not and had at no time prior thereto claimed beyond the confines of her bounds as she understood them, there could have been no intention to usurp possession beyond such boundaries within which she had good title. It is evident that she was claiming only that which she had purchased, and there was no occasion for her to claim otherwise prior to the making of the survey and learning of the encroachment on appellant's property. Therefore, such occupancy was not hostile up to this time and her claim was one of rightful ownership. If such use was exclusive, open and notorious, as is contended, it certainly was not hostile or adverse, as she was not conscious of using her neighbor's land. A concrete wall covers the major portion of the front of respondent's lot and from the end of this wall to the pin establishing the front corner of respondent's and appellant's lots is a distance of seven feet which was evidently intended as a driveway. A hedge which had been planted along this wall extends over at the end of the wall, reducing the driveway to a width of six feet. In the use of this driveway it became customary for respondent upon entering or leaving the street from the driveway to veer from the extending hedge, thereby cutting across and utilizing a small triangle of appellant's property, just exactly how much cannot be ascertained from the record. It is contended that respondent is entitled to that portion which was improved, but even that is indefinite as the testimony shows that cinders and ashes were thrown thereon for the purpose of preventing erosion and that the crushed rock was placed there by the Highway Department at the time Stone Avenue was improved.

It has long been recognized that the requirements necessary to establishing a right by prescription are (1) the continued and uninterrupted use or enjoy-

ment of the right for the full period of twenty years, (2) the identity of the thing enjoyed, (3) that the use or enjoyment was adverse or under claim of right. *Lawton v. Rivers,* 1823, 13 S. C. Law 445, 2 McCord 445, 13 Am. Dec. 741; *Williamson v. Abbott,* 1917, 107 S. C. 397, 93 S. E. 15; *Poole v. Edwards,* 1941, 197 S. C. 280, 15 S. E. (2d) 349; *Steele v. Williams,* 1944, 204 S. C. 124, 28 S. E. (2d) 644; *Sanitary & Aseptic Package Co. v. Shealey,* 1944, 205 S. C. 198, 31 S. E. (2d) 253.

In the case of *Atlantic Coast Line R. Co. v. Baker,* 143 S. C. 445, 141 S. E. 688, 701, we find the following: "So, in the case at bar, Major Gillespie says that he always thought and claimed that the right of way was only 50 feet at this point. Then, in going upon the 100-foot right of way, he was on plaintiff's land, and did not know it. He thought that plaintiff had all the land it was entitled to when it came out 50 feet. Major Gillespie, therefore, if he trespassed on the 100-foot right of way, did so because of a mistaken idea that it was his land. He did not know that it belonged to Atlantic Coast Line Railroad Company. Therefore, his possession was not with intent to dispossess the railroad Company, for he thought it had all it was entitled to. Therefore, the possession of Major Gillespie, if he had same, was not hostile, and nowhere in the case is there any evidence that plaintiff had any notice of any claim."

The elements necessary for respondent to establish title by adverse possession are absent in this case, and in the view taken by this Court, respondent failed to establish her claim to the use of this small triangle of property by prescription. It is similar in many respects to the case of *Gibson v. Dudley,* 233 N. C. 255, 63 S. E. (2d) 630, the principles of which this Court heartily approves.

For the foregoing reasons, we are of the opinion that the judgment of the lower court should be reversed and the restraining order be dissolved, and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.