THIS OPINION HAS NO PRECEDENTIAL VALUE

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS 
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(D)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Jessie J. Brown, Respondent,
                                                          v.
Mary Louise Legare Harris,
Georgetta Legare, Darcella
Legare, Bonita Legare, Aaron
Legare, Michael Fludd,
Hezkian Fludd, Eugene Legare,
Edward Legare a/k/a Edward
Legare, Jr., Inez Legare Dukes
a/k/a Inez L. Dukes, Gilbert
Legare, Viola Legare, Catherine
Legare a/k/a Katherine Legare,
Albertha Legare a/k/a Albertha
Sadie, L. Fludd, Wilhelmina
Legare, Esau Legare, Eusaw
Legare, E.S. Legare, Clement
Legare, Jr., Robert Lowry,
Louis Brown a/k/a L. Brown,
Louise Singleton, Marie Brown.
James F. Condon, III, Sarah K.
Stalworth, Daisy Legare,
Vermell Doctor, Ruth Rice,
Louise Well, Queenie Ester
Holt, Charles Legare, Rubin
Legare, Eugene Legare, Jr.,
Christina Brown Duncan,
Evelina Morant, James Brown,
Eula Lee Smalls, Celestine
Brown, Lillian Brown, Little
Sister Brown, and John Doe and
Mary Roe, fictitious names used
To designate persons in the
military service within the
meaning of Title 50, United
States Code, commonly referred
To as the Soldiers and Sailors
Civil Relief Act of 1940, as
Amended, if any, an the
unknown heirs at law, devisees,
widows, widowers, executors,
administrators, personal
Representatives, successors and
assigns, firms or corporations of
any of the defendants who may
be deceased, and all other
persons unknown claiming any
right, title, estate, interest in or
lien upon the real estate
described in the complaint or
any part thereof, Defendants,
Of Whom Mary Louise Legare
Harris, Georgetta Legare,
Darcella Legare, Bonita Legare,
Aaron A. Legare, Michael
Fludd, Eugene Legare, Edward
Legare a/k/a Edward Legare, Jr.,
Inez legare Dukes a/k/a Inez L.
Dukes, Gilbert Legare, Viola
Legare, Catherine Legare a/k/a
Katherine Legare, Albertha
Legare a/k/a Albertha Sadie L.
Fludd, Wilhelmina Legare, Esau
Legare, Eusaw Legare, E.S.
Legare, and Clement Legare, Jr.
Are Appellants.
 
 
 

Unpublished Opinion No. 2006-UP-265
Heard April 6, 2006  Filed May 25, 2006

AFFIRMED

Appeal from Charleston County
 Mikell R. Scarborough, Master-In-Equity

 
 
 
G. Thomas Hill of Ravenel, for Appellants.
Robert H. Mozingo, Timothy A. Domin amd Michael B. McCall, all of Charleston, for Respondent.
 
 
 

PER CURIAM:  In this appeal, Appellants contend the Master-in-Equity erred in finding that they do not possess a prescriptive easement over the property which is the subject of this appeal.  We affirm.[1]   
FACTS
The real property which is the subject of this action is located in Charleston County, and consists of a parcel of land formerly owned and utilized by various railroad companies as a bed for their tracts. The subject property runs through various parcels of land owned by numerous individuals including the properties of the heirs of Louis Brown (Brown Heirs) and the heirs of Robert Lowry (Lowry Heirs). Sometime prior to October 1992, the railroad tracks were removed and the use of the property for the operation of a railroad was discontinued. Jessie Brown (Brown) contacted CSX Transportation, Inc., the owner of the property, and inquired about purchasing the land. In October of 1992, CSX executed and delivered to Brown a quitclaim deed to the subject property.   
Brown commenced this action in April 2002, to establish that he holds fee simple absolute title to the property.  Both the Brown Heirs and the Lowry Heirs filed Answers, Counterclaims and Cross Claims.  The Brown Heirs contended CSX did not have the authority to transfer the property to Brown based on the deed from Louis Brown to CSXs predecessor and that title to the property reverted to them upon CSXs discontinuance of its use for tract purposes.  The Lowry Heirs contended they possess ingress/egress rights over the property by virtue of a prescriptive easement.    
The case was referred to the Master-in-Equity. The master ruled the Brown Heirs and the Lowry Heirs did not possess ownership rights nor did they have an easement by prescription over the abandoned railroad-bed claimed by Brown.  Furthermore, the master held Brown owns the subject property in fee simple by virtue of the quit-claim deed from CSX, and that the Brown Heirs and Lowry Heirs have no right to use the subject property. The Lowry Heirs filed a Notice of Appeal regarding the issue of prescriptive easement.  The Brown Heirs appealed the issue of a potential reverter, which was dismissed by this court. Therefore, only the Lowry Heirs (hereinafter Appellants) appeal is before us.    
STANDARD OF REVIEW
The determination of the existence of an easement is an action at law. Slear v. Hanna, 329 S.C. 407, 410, 496 S.E.2d 633, 635 (1998); Eldridge v. City of Greenwood, 331 S.C. 398, 416, 503 S.E.2d 191, 200 (Ct. App. 1998). Establishing the existence of an easement is a question of fact in a law action. Jowers v. Hornsby, 292 S.C. 549, 551, 357 S.E.2d 710, 711 (1987). Accordingly, our scope of review is limited to correction of errors of law, and we will not disturb the masters factual findings that have some evidentiary support. Townes Assocs., Ltd. v. City of Greenville, 266 S.C. 81, 85, 221 S.E.2d 773, 775 (1976).
LAW/ANALYSIS
Appellants contend they possess an easement by prescription over the subject property.  We disagree.  
In order to establish an easement by prescription a party must show: (1) the continued and uninterrupted use or enjoyment of a right for a full period of twenty years; (2) the identity of the thing enjoyed; and (3) that the use or enjoyment was adverse or under claim of right. Horry County v. Laychur, 315 S.C. 364, 367, 434 S.E.2d 259, 261 (1993); Babb v. Harrison, 220 S.C. 20, 24-25, 66 S.E.2d 457, 458 (1951); Hartley v. John Wesley United Methodist Church of Johns Island, 355 S.C. 145, 150, 584 S.E.2d 386, 388 (Ct. App. 2003).  The party claiming a prescriptive easement has the burden of proving all elements. Morrow v. Dyches, 328 S.C. 522, 527, 492 S.E.2d 420, 423 (Ct. App. 1997); Babb v. Harrison, at 20, 66 S.E.2d at 458 (stating that the claimant carries with her the burden of proving that the use of such disputed area was adverse for the full period of twenty years in order to establish an easement by prescription.). 
Appellants fall short of establishing a prescriptive easement.  The evidence offered by Appellants does not establish the requisite twenty year continuous use.  None of the witnesses were able to state with any certainty when the railroad ceased operation, nor did any witness offer direct testimony establishing the length of time the railbed had been used by them to access their property. In fact, testimony supported the opposite conclusion.  
One of the Lowry descendants stated he did not know how long he had used the road to get back to the river to fish, but estimated over ten years.  Furthermore, one of the Brown descendants testified that the tracts had been removed and the railbed was overgrown when he returned from New York in 1981.  He further testified that when he returned in 1981, no one was using the railbed to access their properties except Jessie Brown.   
There was no clear evidence presented that showed continuous use of the property for twenty years.  At best, the testimony presented supports sporadic use for access to hunt, crab or fish for an unknown time frame.   Further, any use by Appellants was interrupted.  An attempt to prevent others from crossing the property constitutes an interruption, however brief, in the use and enjoyment of that property to prevent acquisition of an easement by prescription.  See Pittman v. Lowther, 355 S.C. 536, 540, 586 S.E.2d 149, 151-52 (Ct. App. 2003).   The testimony showed Jessie Brown erected a chain across the roadway to create such an interruption.  
Not only did Appellants fail to establish a twenty year uninterrupted and continuous use of the property, they have also failed to establish the use was adverse or under a claim of right.  The testimony did not point to a claim that the Lowry Heirs had title to the railbed; rather, the testimony was that the railbed was the way we used to get access.  Further, there was no claim that Appellants use of the property was adverse to Brown. Evidence establishing the mere fact of use does not necessarily equate with the evidence establishing the character of such use.  Morrow, 328 S.C. at 527, 492 S.E.2d at 424.  
Appellants have failed to meet their burden of proof in establishing the elements of an easement by prescription.  Because the masters findings of fact have evidentiary support, we affirm his finding that no prescriptive easement exists.  
CONCLUSION
For the reasons stated herein, the masters decision is 
AFFIRMED.
SHORT, WILLIAMS, JJ., AND CURETON, A.J., CONCUR

[1]  We decide this case without oral argument, pursuant to Rule 215,
SCACR.