**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Melissa J. McDaniel, John F. McDaniel, III, Tara M. Dickerson and Brandi M. Augustine, Respondents,

v.

Jolene J. Marchant and Larry C. Marchant, Sr., Appellants.

Appellate Case No. 2016-002298

---

Appeal From Lexington County
Clyde N. Davis, Jr., Special Referee

---

Unpublished Opinion No. 2018-UP-172
Submitted March 1, 2018 – Filed May 2, 2018

---

**AFFIRMED**

---

Larry Conrad Marchant, Jr., of Columbia, for Appellants.

James Randall Davis, of Davis Frawley Anderson McCauley Ayer Fisher & Smith, LLC, of Lexington, for Respondents.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Bundy v. Shirley*, 412 S.C. 292, 301, 772 S.E.2d 163, 168 (2015) ("Declaratory judgments are neither legal nor equitable."); *id.* ("The standard of

review for a declaratory judgment action is, therefore, determined by the nature of the underlying issue."); *id.* at 302, 772 S.E.2d at 168 ("The determination of the existence of an easement is a question of fact in a law action."); *id.* ("Accordingly, our scope of review is limited to correction of errors of law, and we will not disturb the special referee's factual findings that have some evidentiary support."); *Kelley v. Snyder*, 396 S.C. 564, 572, 722 S.E.2d 813, 817 (Ct. App. 2012) ("An easement is a right given to a person to use the land of another for a specific purpose."); *id.* ("An easement may arise in three ways: (1) by grant; (2) from necessity; and (3) by prescription."); *id.* ("A prescriptive easement is not implied by law but is established by the conduct of the dominant tenement owner." (quoting *Boyd v. Bellsouth Tel. Tel. Co.*, 369 S.C. 410, 419-20, 633 S.E.2d 136, 141 (2006))); *id.* ("There is no requirement of exclusivity of use to establish a prescriptive easement."); *Simmons v. Berkeley Elec. Coop., Inc.*, 419 S.C. 223, 233, 797 S.E.2d 387, 392 (2016) ("In order to establish a prescriptive easement, the claimant must identify the thing enjoyed, and show his use has been open, notorious, continuous, uninterrupted, and contrary to the true property owner's rights for a period of twenty years."); *Kelley*, 396 S.C. at 573, 722 S.E.2d at 818 (providing that when a claimant establishes that the use of the disputed property was "open, notorious, continuous, and uninterrupted," the use will be presumed adverse or contrary to the property owner's rights); *Simmons*, 419 S.C. at 233, 797 S.E.2d at 392 ("'Open' generally means that the use is not made in secret or stealthily. It may also mean that it is visible or apparent." (quoting Restatement (Third) of Prop. (Servitudes) § 2.17(h) (2000))); *id.* at 234, 797 S.E.2d at 392 ("'Notorious' generally means that the use is actually known to the owner, or is widely known in the neighborhood." (quoting Restatement (Third) of Prop. (Servitudes) § 2.17(h) (2000))); *id.* at 233, 797 S.E.2d at 392 (establishing a claimant must show the prescriptive period lasted for at least twenty years); *Bundy*, 412 S.C. at 313, 772 S.E.2d at 174 (providing that to establish continuous use for the purposes of a prescriptive easement, a party need not show that the use is continuous to him personally); *Morrow v. Dyches*, 328 S.C. 522, 527, 492 S.E.2d 420, 423 (Ct. App. 1997) ("A party may 'tack' the period of use of prior owners in order to satisfy the [twenty-]year requirement."); *Kelley*, 396 S.C. at 575, 722 S.E.2d at 819 ("[T]he time of possession may be tacked not only by ancestors and heirs, but also between parties in privity in order to establish the [twenty-]year period." (first alteration by court) (quoting *Getsinger v. Midlands Orthopaedic Profit Sharing Plan*, 327 S.C. 424, 430, 489 S.E.2d 223, 226 (Ct. App. 1997))); *id.* (providing that if tacking is used, the predecessors-in-title's use must also meet the required elements of a prescriptive easement); *Bundy*, 412 S.C. at 306, 772 S.E.2d at 170 (providing that because "a prescriptive easement results in diminished rights of the property owner . . . a claimant seeking

a prescriptive easement must be held to a strict standard of proof" and therefore "has the burden of proving all elements by clear and convincing evidence").

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.