**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Trudy Bolin Mattox, Respondent,

v.

Benjamin J. Russell and Chere Mitchell, Appellants.

Appellate Case No. 2020-001129

———————

Appeal From York County
Teasa Kay Weaver, Master-in-Equity

———————

Unpublished Opinion No. 2023-UP-052
Submitted January 1, 2023 – Filed February 8, 2023

———————

**AFFIRMED**

———————

James W. Boyd, of James W. Boyd Law Firm LLC, of
Rock Hill, for Appellants.

Charles S. Bradford, of Bradford Espinoza, P.A., of
York, for Respondent.

———————

**PER CURIAM:** Benjamin J. Russell (Russell) and Chere Mitchell (Chere) (collectively, Appellants) appeal the Master-in-Equity's determination that Trudy B. Mattox (Mattox) had a prescriptive easement over their properties and an implied easement over Russell's properties. On appeal they argue (1) Mattox and her predecessor-in-title's use of the roadway (the Drive) was not adverse and therefore could not ripen into a prescriptive easement; and (2) the plats from

Mattox and Benjamin's common grantor, Mae Mitchell, do not show the location of the Drive and therefore cannot support the finding of an implied easement. We affirm.

1. We hold the record contains evidence supporting the master's finding of a prescriptive easement over the Drive. *See Nelums v. Cousins*, 304 S.C. 306, 308, 403 S.E.2d 681, 682 (Ct. App. 1991) ("The determination of the existence of an easement is a question of fact in a law action and the trial court's findings must be affirmed unless there is no evidence to support them."). We hold the record supports the master's finding that Mattox provided clear and convincing evidence that the use of the Drive by Mattox and her predecessor-in-title, Carl Bolin, was "open, notorious, continuous, uninterrupted, and contrary to the true property owner's rights." *See Simmons v. Berkeley Elec. Coop., Inc.*, 419 S.C. 223, 233, 797 S.E.2d 387, 392 (2016) ("In order to establish a prescriptive easement, the claimant must identify the thing enjoyed, and show his use has been open, notorious, continuous, uninterrupted, and contrary to the true property owner's rights for a period of twenty years."); *id.* at 229, 797 S.E.2d at 390 ("[A] party claiming a prescriptive easement has the burden of proving all elements by clear and convincing evidence." (alteration in original) (quoting *Bundy v. Shirley*, 412 S.C. 292, 306, 772 S.E.2d 163, 170 (2015))). Mattox presented evidence that she; Bolin; her husband, Frank Mattox; and their guests frequently and openly used the Drive from the time Bolin purchased the dominant estate, the Mattox Property, in 1975 until Russell blocked the road in 2018, and no servient estate owner interfered with their use of the Drive or claimed they did not have the right to use the Drive.

We hold the installation of the gate over the Drive by Russell's predecessor-in-title, James R. Jones, did not interrupt the prescriptive period because Jones testified he installed the gate to protect his equipment and not to block Mattox's use of the Drive. *See Pittman v. Lowther*, 355 S.C. 536, 541, 586 S.E.2d 149, 152 (Ct. App. 2003), *aff'd*, 363 S.C. 47, 610 S.E.2d 479 (2005) ("Though the mere erection of gates by the servient owner for the greater convenience of his operations, and not as a barrier to passage, will not defeat a claim to a prescriptive easement of passage, an easement of way cannot arise by prescription if the owner of the servient estate has habitually broken or interrupted its use at will by the maintenance of gates." (quoting 25 Am. Jur. 2d, *Easements* § 69 (1996))). In addition, we hold Jones's providing the gate's key to Mattox showed Jones's acquiescence to and recognition of Mattox's right to use the Drive. *See Sanitary & Aseptic Package Co. v. Shealy*, 205 S.C. 198, 204, 31 S.E.2d 253, 255 (1944) (holding the servient estate owner's recognition of and acquiescence to

the dominant estate owner's right to use the easement did not show permissive use).

Finally, we hold Howell and Oscar Ramsey's use of the Drive with Mae's permission does not defeat Mattox's claim for a prescriptive easement because Mattox's use of the Drive was independent of their use and, as stated above, Mattox's use was not permissive. *See Kelley v. Snyder*, 396 S.C. 564, 572, 722 S.E.2d 813, 817 (Ct. App. 2012) ("There is no requirement of exclusivity of use to establish a prescriptive easement."); *Nelums*, 304 S.C. at 308, 403 S.E.2d at 682 (holding others' use of the road did not defeat the dominant estate owner's claim for a prescriptive easement because the dominant estate owner's "claim of right, to get to his property, was asserted independently of any use by other individuals").

2. Because our finding of a prescriptive easement over both Appellants' properties is dispositive, we need not address the remaining issues. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (stating an appellate court need not review remaining issues when its determination of a prior issue is dispositive).

**AFFIRMED.**[1]

**KONDUROS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.