**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Donald A. Brown, Jr., Appellant,

v.

Johnnie L. Dickert, Rachel B. Dickert, and Johnnie Kyle Dickert, Respondents.

Appellate Case No. 2025-000737

Appeal From Newberry County
Milton G. Kimpson, Circuit Court Judge

Unpublished Opinion No. 2026-UP-192
Submitted March 2, 2026 – Filed April 29, 2026

**AFFIRMED**

Carmen Vaughn Ganjehsani, of Richardson Plowden & Robinson, PA, of Columbia; and Charles Vermeule Verner, of Newberry, both for Appellant.

Karl Stephen Brehmer, of Brehmer Law Firm, LLC, of Columbia, for Respondents.

**PER CURIAM:** Donald A. Brown, Jr., appeals the circuit court's order denying him a prescriptive easement and declining to enforce a settlement agreement that he entered into with Johnnie L. Dickert, Rachel B. Dickert, and Johnnie Kyle

Dickert (collectively, Respondents).  On appeal, Brown argues the circuit court erred because it failed to apply the presumption of adverse use and enforce a settlement agreement under which Brown partially performed.  We affirm pursuant to Rule 220(b), SCACR.


1.  We hold the circuit court did not err in denying Brown a prescriptive easement because the Respondents gave Brown's predecessor—Murray Gray—and Gray's predecessors permission to use the property.  *See Braswell v. Amick*, 442 S.C. 618, 625, 900 S.E.2d 475, 479 (Ct. App. 2024) ("[T]he determination of the existence of an easement is a question of fact in a law action." (alteration in original) (quoting *Simmons v. Berkeley Elec. Coop.*, 419 S.C. 223, 236, 797 S.E.2d 387, 394 (2016))); *Temple v. Tec-Fab, Inc.*, 381 S.C. 597, 599-600, 675 S.E.2d 414, 415 (2009) ("In an action at law tried without a jury, an appellate court's scope of review extends merely to the correction of errors of law."); *id.* ("The [c]ourt will not disturb the trial court's findings unless they are found to be without evidence that reasonably supports those findings."); *Simmons*, 419 S.C. at 233, 797 S.E.2d at 392 ("In order to establish a prescriptive easement, the claimant must identify the thing enjoyed, and show his use has been open, notorious, continuous, uninterrupted, and contrary to the true property owner's rights for a period of twenty years."); *id.* at 229, 797 S.E.2d at 390 ("[W]hen it appears that claimant has enjoyed an easement openly, notoriously, continuously, and uninterruptedly, in derogation of another's rights, for the full period of 20 years, the use will be presumed to have been adverse." (alteration in original) (quoting *Williamson v. Abbot*, 107 S.C. 397, 400, 93 S.E. 15, 16 (1917))); *Carolina Ctr. Bldg. Corp. v. Enmark Stations, Inc.*, 433 S.C 144, 154, 857 S.E.2d 16, 22 (Ct. App. 2021) ("Once the presumption applies, the servient owner bears the burden of rebutting the presumption, which can be done by showing permissive use."); *Bundy v. Shirley*, 412 S.C. 292, 310, 772 S.E. 163, 173 (2015) ("The asking and obtaining of permission, whether from the tenant or owner of the servient estate, stamps the character of the use as *not having been adverse, or under claim of right . . . .*" (quoting *Williamson*, 107 S.C. at 401, 93 S.E.2d at 16)).


2.  We hold the circuit court did not err in declining to enforce the parties' settlement agreement because Brown failed to satisfy the requirements of Rule 43(k) of the South Carolina Rules of Civil Procedure and substantial performance under the agreement did not preclude the rule's requirements.  *See S.C. Hum. Affs. Comm'n v. Chen*, 430 S.C. 509, 519-20, 846 S.E.2d 861, 866 (2020) ("[I]n interpreting the meaning of the South Carolina Rules of Civil Procedure, [an

appellate court] applies the same rules of construction used to interpret statutes." (quoting *Farnsworth v. Davis Heating & Air Conditioning, Inc.*, 367 S.C. 634, 638, 627 S.E.2d 724, 726 (2006))); *Town of Summerville v. City of North Charleston*, 378 S.C. 107, 110, 662 S.E.2d 40, 41 (2008) ("Determining the proper interpretation of a statute is a question of law, and [an appellate court] reviews questions of law de novo."); *Garrison v. Target Corp.*, 435 S.C. 566, 576, 869 S.E.2d 797, 803 (2022) ("Thus, [an appellate court] may interpret statutes 'without any deference to the court below.'" (quoting *Brock v. Town of Mount Pleasant*, 415 S.C. 625, 628, 785 S.E.2d 198, 200 (2016))); Rule 43(k), SCRCP ("No agreement between counsel affecting the proceedings in an action shall be binding unless reduced to the form of a consent order or written stipulation signed by counsel and entered in the record, or unless made in open court and noted upon the record, or reduced to writing and signed by the parties and their counsel."); *Chen*, 430 S.C. at 519, 846 S.E.2d at 866 ("Rule 43(k) is applicable to settlement agreements."); *id.* at 521, 846 S.E.2d at 867 ("Where Rule 43(k) applies, [our supreme c]ourt has held its terms are mandatory, which precludes a party from turning a contract or equitable principles (or counter public policy arguments) to vitiate those terms. *Substantial compliance is not sufficient*." (emphasis added)).

**AFFIRMED.**[1]

**WILLIAMS, C.J., and KONDUROS and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.